















RYC    11/29/05    15:31
3:05-CV-01737   PROCTOR V. TRANSKARYOTIC
*10*
*P/A.*

ORIGINAL
FILED

05 NOV 28 PM 3: 04

CLERK, U.S. [illegible] COURT
S[illegible]
[signature]
DE[illegible]

David S. Shukan (Cal. Bar No. 143683)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Gerald J. Flattmann (Admitted Pro Hac Vice)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4720
Facsimile: (212) 446-4900
Attorneys for Defendant
TRANSKARYOTIC THERAPIES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**"BY FAX"**

| | |
|---|---|
| NEAL PROCTOR, | Case No. 05-CV-1737 BEN (JMA) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER** |
| v. | |
| TRANSKARYOTIC THERAPIES, INC. and DOES 1 through 25, inclusive, | **DATE: January 9, 2006 TIME: 10:30 a.m. CTRM: 3 -- The Honorable Roger T. Benitez** |
| Defendants. | |

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................1

II.  STATEMENT OF RELEVANT FACTS .......................................................1

   A.   Plaintiff's Complaint ...........................................................................1

   B.   Transkaryotic Therapies, Inc. .............................................................3

III. ARGUMENT.................................................................................................4

   A.   Plaintiff's Claims Should Be Dismissed For Lack Of Personal
        Jurisdiction..........................................................................................4

        1.   Plaintiff Cannot Establish Personal Jurisdiction Under Federal
             Circuit Law ...............................................................................6

             a.   General Jurisdiction ........................................................6

             b.   Specific Jurisdiction........................................................8

                  (i)    TKT Has Not Purposefully Directed Activities At
                         Residents of California .........................................8

                  (ii)   Plaintiff's Claims Do Not "Arise Out Of Or Relate
                         To" TKT's Activities In California .......................9

                  (iii)  This Court's Exercise Of Jurisdiction Over TKT
                         Would Not Be Fair Or Reasonable ....................10

        2.   Plaintiff Also Cannot Establish Personal Jurisdiction Under Ninth
             Circuit Law ...............................................................................10

             a.   General Jurisdiction ......................................................10

             b.   Specific Jurisdiction......................................................11

                  (i)    TKT Has Not Purposefully Availed Itself Of
                         Doing Business In California...............................11

                  (ii)   Plaintiff's Non-Patent Related Claims Do Not
                         Arise Out Of TKT's California Activities.........12

                  (iii)  This Court's Exercise Of Jurisdiction Over TKT
                         Would Not Be Reasonable.................................13

-i-

B.    Plaintiff's Claims Should Be Dismissed For Improper Venue ...............................15

C.    Alternatively, This Action Should Be Transferred To The District Of Massachusetts On Grounds of *Forum Non Conveniens* ........................................16

    1.    The Convenience of the Parties and Witnesses .........................................17

    2.    The Interests of Justice................................................................................18

IV.    CONCLUSION.............................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Akro Corp. v. Luker,*
    45 F.3d 1541 (Fed. Cir. 1995)...................................................................................4, 10

*Ameritec Corp. v. Ameritech Corp.,*
    230 U.S.P.Q. 225 (C.D. Cal. 1986)................................................................................6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ...................................................................................-
    ..................................................................................................................................15

*Burger King v. Rudzewicz,*
    471 U.S. 462 (1985)................................................................................................6, 13

*Cain v. Bd. of Elections,*
    630 F. Supp. 221 (E.D.N.Y. 1986) .............................................................................17

*Elecs. for Imaging v. Coyle,*
    340 F.3d 1344 (Fed. Cir. 2003)...........................................................................4, 5, 6

*Fields v. Sedgwick Associated Risks, Ltd.,*
    796 F.2d 299 (9th Cir. 1986) ......................................................................................12

*Happy Merchant Ltd. v. Far East Shipping Co.,*
    No. C-94-3927, 1995 U.S. Dist. LEXIS 17446 (N.D. Cal. Nov. 8, 1995) .....................16

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984)......................................................................................................7

*Inamed Corp. v. Kuzmak,*
    249 F.3d 1356 (Fed. Cir. 2001)....................................................................................6

*Injen Tech. Co. v. Advanced Engine Mgmt., Inc.,*
    270 F. Supp. 2d 1189 (S.D. Cal. 2003).................................................................4, 5, 16

*Int'l Shoe v. Washington,* 326 U.S. 310 (1945)........................................................................5, 8

*Jolly v. Purdue Pharma L.P.,*
    No. 05-CV-1452H, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)...........................17, 19

*Kransco Mfg., Inc. v. Markwitz,*
    656 F.2d 1376 (9th Cir. 1981) ......................................................................................6

*McDonough v. Fallon McElligott, Inc.,*
    No. CIV 95-4037, 1996 WL 753991 (S.D. Cal. Aug 5, 1996) .............................9, 10, 14

*Pavlovich v. Super. Ct. of Santa Clara County,*
    29 Cal. 4th 262 (Ca. S. Ct. 2002)..................................................................................9

*Primax Elecs. Ltd. v. F&G Research, Inc.,*
    No. C 05-01681 JSW, 2005 WL 2347128 (N.D. Cal. Sept. 26, 2005)............................6

*Red Wing Shoe Co. v. Hockerson-Halberstadt,*
    148 F.3d 1355 (Fed. Cir. 1998)....................................................................................7

*Rush v. Savchuk,*
    444 U.S. 320 (1980)......................................................................................................8

*Saleh v. Titan Corp.,*
    361 F. Supp. 2d 1152 (S.D. Cal. 2005)............................................................16, 17, 18

*Sher v. Johnson,*
    911 F.2d 1357 (9th Cir. 1990) ......................................................................................5

*Terracom v. Valley Nat'l Bank,*
    49 F.3d 555 (9th Cir. 1995) ........................................................................................14

*Tosco Corp. v. Sun Co.,*
    No. C 94-4190, 1995 U.S. Dist. LEXIS 4643 (N.D. Cal. April 4, 1995) ........................7

*U.S. Vestor, LLC v. Biodata Information Tech. AG,*
    290 F. Supp. 2d 1057 (N.D. Cal. 2003) ......................................................................15

*Uston v. Hilton Casinos, Inc.,*
    564 F.2d 1218 (9th Cir. 1977) ......................................................................................8

*Von Grabe v. Sprint PCS,*
    312 F. Supp. 2d 1285 (S.D. Cal. 2003)..................................................................12, 14

**Statutes**

28 U.S.C. §1367(a) ...............................................................................................................4

28 U.S.C. §1391.................................................................................................................15

28 U.S.C. §1400(b) ............................................................................................................15

28 U.S.C. §1404(a) ..........................................................................................1, 16, 17, 19

28 U.S.C. §1406(a) ............................................................................................................16

35 U.S.C. §256....................................................................................................................2

Cal. Civ. Proc. §410.10.......................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b) .................................................................................................................passim

Fed. R. Civ. P. 4(k)(1)(A)..................................................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES       CASE NO. 05-CV-1737
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Defendant Transkaryotic Therapies, Inc. ("TKT") respectfully submits this memorandum in support of its motion to dismiss Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), and, alternatively, to transfer this action to the District of Massachusetts under 28 U.S.C. §1404(a) on the ground of *forum non conveniens*.

This action should be dismissed for lack of personal jurisdiction and improper venue. Fed. R. Civ. P. 12(b)(2) and 12(b)(3). TKT does not have the requisite contacts in California to support bringing this suit in any California District. TKT is not incorporated in California and does not have a place of business in California. It has no employees in California and does not do any business in California. Further, none of the acts Plaintiff complains of are alleged to have taken place in California. In short, there is no basis for personal jurisdiction over TKT in California and venue in the Southern District of California is not proper.

Alternatively, Plaintiff's claims against TKT should be transferred to the District of Massachusetts under 28 U.S.C. §1404(a) on the ground of *forum non conveniens*. Plaintiff's choice of forum here is entitled to little deference because there is no connection between the alleged acts or omissions giving rise to Plaintiff's claims and this forum, an adequate alternative forum exists, and the public and private interests strongly favor litigation of Plaintiff's claims against TKT elsewhere. 28 U.S.C. § 1404(a). Almost all pertinent documents, witnesses, and other evidence will be located in Massachusetts, not California. Litigation in the District of Massachusetts will be more convenient and efficient for all involved.

## II. STATEMENT OF RELEVANT FACTS

### A. Plaintiff's Complaint

On September 7, 2005, Neal Proctor filed suit in this District, asserting seven causes of action against Defendant TKT, a Delaware corporation headquartered in Massachusetts.

-1-

Plaintiff's first cause of action, "Determination and Correction of Inventorship," brought

under 35 U.S.C. §256, is based on Plaintiff's allegation that TKT filed and obtained patents that

allegedly stemmed from discoveries that Plaintiff had made or to which he had contributed.

*See, e.g.*, Complaint ¶¶ 11-23.

Plaintiff's second through seventh causes of action do not directly invoke the patent

statute, however, they are essentially based on the same allegation, *i.e.*, that TKT filed and

obtained patents that allegedly stemmed from discoveries the Plaintiff had made or to which he

had contributed. As a result, Plaintiff claims that (1) his Civil Rights were violated (Second

Cause of Action); (2) TKT intentionally (or negligently) interfered with Plaintiff's "prospective

economic advantage" (Third and Fourth Causes of Action); (3) TKT intentionally acted to

dispossess Plaintiff of his intellectual property (Fifth Cause of Action); (4) TKT

"misappropriat[ed] [Plaintiff's] invention" (Sixth Cause of Action) and (5) TKT was unjustly

enriched (Seventh Cause of Action). Complaint ¶¶ 24-53. Each of these causes of action is

based on alleged acts or omissions that took place in Massachusetts, not California.[1]

Plaintiff's complaint pleads a series of additional allegations concerning TKT's conduct.

Complaint ¶¶ 11-53. Some of this conduct is alleged to have occurred in Massachusetts and

some in California. To the extent Plaintiff alleges that TKT's conduct occurred in California,

he is mistaken – TKT does not conduct business in California, it does not sell products in

California, and it does not derive income from Californians.[2]

---

[1]  The only acts alleged to have taken place in California in support of Plaintiff's causes of
action were his own. Specifically, Plaintiff alleges that "[f]rom 1984-1986, [he] performed
gene-targeting research at the Salk Institute located in San Diego, California." Complaint ¶
8. Even if this activity can be substantiated, however, it is not relevant to whether there is
personal jurisdiction over TKT because it is not related to any TKT activities in California.

[2]  Plaintiff alleges, without support, that TKT sells products in California and derives income
from California residents. Complaint ¶ 2. However, TKT does not sell any products in

-2-

## B. Transkaryotic Therapies, Inc.

Defendant TKT is incorporated in Delaware, and has all of its U.S. research and development and corporate offices in Cambridge, Massachusetts. Decl. ¶¶ 3-5.[3]  TKT does not do business or sell any products in California. Decl. ¶¶ 11-15, 18.

TKT has no research or development facilities, corporate offices, or other physical facilities in California. Nor does TKT own any real estate or rent space in California. Decl. ¶ 10. TKT is not incorporated in California, is not registered to do business in California, has not applied for a license to do business in California, and does not have a registered agent in California. Decl. ¶¶ 11, 12, 15. TKT has no bank accounts or phone listing in California and pays no corporate taxes in California. Decl. ¶¶ 13-14. TKT has no employees in California. Decl. ¶ 15.

TKT maintains a worldwide website, which can be accessed through the internet from across the United States and abroad. This website, however, is passive and TKT sells no products or services through it. Decl. ¶ 19.

Shire Pharmaceuticals, a global pharmaceutical company headquartered in the United Kingdom, recently acquired TKT. Decl. ¶ 16. TKT is now a wholly owned subsidiary of Shire Pharmaceuticals, Inc. (Decl. ¶ 17). Shire Pharmaceuticals, Inc. is not a party to this action. Complaint ¶¶ 3-5.

---

California or to California residents. Decl. ¶ 18. In fact, TKT does not sell any products in the United States. Plaintiff's incorrect allegation is apparently made in an effort to justify jurisdiction in California and is entirely unrelated to all of Plaintiff's causes of action and the alleged acts or omissions giving rise to them.

[3] "Decl. ¶__" refers to the identified paragraph of the Declaration of Karen Shahinian, Legal Counsel at TKT, submitted herewith.

-3-

## III. ARGUMENT

### A. Plaintiff's Claims Should Be Dismissed For Lack Of Personal Jurisdiction

Under the applicable standards, Plaintiff cannot even come close to meeting its burden of demonstrating that personal jurisdiction over TKT exists in this forum. Simply put, TKT's "contact" with California is so tenuous that personal jurisdiction cannot properly be exercised over it here.

For purposes of assessing personal jurisdiction, the court looks to the language of the relevant statute of the state in which the district is located. Fed. R. Civ. P. 4(k)(1)(A). Where, as here, the Plaintiff's claims are "intimately involved with substance of the patent laws," Federal Circuit law guides the personal jurisdiction analysis. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995), *see also Injen Tech. Co. v. Advanced Engine Mgmt., Inc.*, 270 F. Supp. 2d 1189, 1194-95 (S.D. Cal. 2003).

Plaintiff has plead supplemental jurisdiction for his non-patent claims under 28 U.S.C. §1367(a). Complaint ¶ 1. To the extent, however, that this Court finds that any of Plaintiff's claims are unrelated to Plaintiff's patent-related claims, Ninth Circuit law would govern the question of personal jurisdiction. *Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (analyzing personal jurisdiction on the patent claims under Federal Circuit law and other claims under Ninth Circuit law).

California's "long-arm" statute confers jurisdiction to the extent that it comports with due process. Cal. Civ. Proc. §410.10. Thus, in California, a court may exercise jurisdiction "on any basis not inconsistent with the Constitution of [the State of California] or of the United States." *Id.*

Federal constitutional principles require that, for a Court to exercise personal jurisdiction over a defendant, the defendant must have certain minimum contacts with the

-4-

forum state such that the exercise of personal jurisdiction does not "offend 'traditional notions

of fair play and substantial justice.'" *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)

(citation omitted); *see also Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) ("The

Defendant's connection with the forum State must be such that the Defendant 'should

reasonably anticipate being haled into court there.'" (citations omitted)).

Due process is satisfied if the forum state has either general or specific jurisdiction over

the nonresident Defendant. *Injen*, 270 F. Supp. 2d at 1194-95. General jurisdiction may be

asserted if the Defendant has "continuous and systematic contacts" with the forum State,

whereas specific jurisdiction may be asserted if there is "'some act' by which defendants

'purposefully avail[]' themselves of the 'privilege of conducting activities within the forum

State, thus invoking the benefits and protections of its laws.'" *Elecs. for Imaging*, 340 F.3d at

1350 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (additional citations

omitted).

Plaintiff bears the burden of demonstrating that personal jurisdiction over TKT exists.

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001); *see also Kransco Mfg., Inc.

v. Markwitz*, 656 F.2d 1376, 1378 (9th Cir. 1981); *Ameritec Corp. v. Ameritech Corp.*, 230

U.S.P.Q. 225, 226 (C.D. Cal. 1986) ("It is well established that the party seeking to invoke

either general or limited jurisdiction of the federal court has the burden of establishing that

jurisdiction exists.") Plaintiff cannot meet this burden.

In addition, in considering TKT's motion to dismiss under Rule 12(b)(2) and (3), this

Court need not accept Plaintiff's allegations as true and "can decide the motion on the basis of

affidavits and declarations submitted in response to the motion, or it can hold an evidentiary

hearing." *Primax Elecs. Ltd. v. F&G Research, Inc.*, No. C 05-01681, 2005 WL 2347128, at

*2 (N.D. Cal. Sept. 26, 2005)(citing *Elecs. for Imaging,* 340 F.3d at 1349).

As demonstrated in this memorandum, under either Federal Circuit or Ninth Circuit law, this Court lacks general and specific jurisdiction as to all of Plaintiff's claims against TKT.[4] Accordingly, this action should be dismissed for lack of personal jurisdiction.

 1. Plaintiff Cannot Establish Personal Jurisdiction Under Federal Circuit Law

 a. *General Jurisdiction*

When Defendant's contacts with the forum are unrelated to the cause of action, this Court may exercise general jurisdiction only if such contacts are "continuous and systematic" and the Court's exercise of jurisdiction is reasonable. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *see also Red Wing Shoe Co. v. Hockerson-Halberstadt*, 148 F.3d 1355, 1359 (Fed. Cir. 1998). "'The level of contact with the forum necessary to establish general jurisdiction is quite high.'" *Tosco Corp. v. Sun Co.*, No. C 94-4190, 1995 U.S. Dist. LEXIS 4643, at *6 (N.D. Cal. April 4, 1995) (citation omitted).

Even "continuous activity of some sorts within a state is not enough to support" general jurisdiction. *Int'l Shoe*, 326 U.S. at 318. Only when the "continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities" may a court exercise general jurisdiction. *Int'l Shoe*, 326 U.S. at 318. TKT does not have any contacts with California. This standard, therefore, is not met.

As the facts demonstrate, TKT lacks the necessary contacts with California to establish general jurisdiction.[5] TKT has no research or development facilities, corporate offices, or

---

4 Because all of Plaintiff's stated causes of action admittedly stem from patent-related claims, *i.e.*, claims that Plaintiff should have been a named inventor on various TKT's patents and patent applications (Complaint ¶ 1), Defendant believes that this Court need only assess the question of personal jurisdiction under Federal Circuit law. In the event, however, that this Court disagrees, Defendant has also analyzed the question of personal jurisdiction under Ninth Circuit law.

physical facilities in California. Decl. ¶¶ 3, 6. Nor does TKT own any real estate or rent any

space in California. Decl. ¶ 10. TKT is neither incorporated in California nor registered to do

business in California. It has not applied for a license to do business in California and does not

have a registered agent in California. Decl. ¶¶ 12, 15. Further, TKT has no bank accounts or

phone listing in California and pays no corporate taxes in California. Decl. ¶¶ 12-13. TKT has

no employees in California. Decl. ¶ 15. And contrary to Plaintiff's allegation (Complaint ¶ 2),

TKT does not sell any products in California. Decl. ¶¶ 18-19.

TKT's only "contact" with California is its maintenance of a worldwide website that is

available to everyone with internet access. This website, however, does little more than make

information about TKT available to those who browse the site and is in no way sufficient to

support the exercise of general jurisdiction. Contrary to Plaintiff's allegations (Complaint ¶ 2),

TKT does not derive significant income from this website. Decl ¶ 19. And it derives no

income from this website from California. Decl. ¶ 19.

Courts have repeatedly held that the existence of a website is not enough to establish

general jurisdiction in similar situations. In *McDonough v. Fallon McElligott, Inc.*, for

example, this Court rejected plaintiff's argument that the maintenance of a worldwide website

established personal jurisdiction: "allowing computer interaction via the web to supply

sufficient contacts to establish jurisdiction would eviscerate the personal jurisdiction

---

5  As of July 28, 2005, TKT is a wholly owned subsidiary of Shire Pharmaceuticals (a global
pharmaceutical company). This fact, however, does not alter the Court's analyses of
personal jurisdiction or venue. *See, e.g., Uston v. Hilton Casinos, Inc.*, 564 F.2d 1218,
1219 (9th Cir. 1977) ("The fact that [the] parent corporation does business in the State of
California cannot in itself render the subsidiary ... subject to *in personam* jurisdiction
there.") (citations omitted); *see also Rush v. Savchuk*, 444 U.S. 320, 322 (1980) ("The
requirements of *International Shoe* must be met as to each defendant over whom a state
court exercises jurisdiction."). Moreover, all of the alleged acts or omissions giving rise to
Plaintiff's complaint would have occurred prior to Shire Pharmaceutical's acquisition.
Complaint ¶¶ 6-17.

-7-

requirement as it currently exists." *McDonough v. Fallon McElligott, Inc.,* No. CIV 95-4037, 1996 WL 753991, * at 3 (S.D. Cal. Aug 5, 1996). *See also Pavlovich v. Super. Ct. of Santa Clara County,* 29 Cal. 4th 262, 273-74 (Ca. S. Ct. 2002) ("A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.").

Accordingly, TKT's lack of contacts with California demonstrates that there is no general jurisdiction over TKT in California.

### b. *Specific Jurisdiction*

Under Federal Circuit law, to establish specific jurisdiction over TKT in California, Plaintiff must establish that:

(1) TKT "purposefully directed" its activities at residents of California;

(2) Plaintiff's claims "result[] from alleged injuries that arise out of or relate to" TKT's activities in California; *and*

(3) the Court's exercise of jurisdiction is reasonable.

*Akro,* 45 F.3d at 1545, 1549. Plaintiff cannot meet any of these tests, much less all three.

#### (i) TKT Has Not Purposefully Directed Activities At Residents of California

The only activity conducted by TKT in California relates to the accessibility of its website by Californians. As noted above, TKT has no research or development facilities, corporate offices, or physical facilities in California. Nor does TKT conduct any other activities in California. Decl. ¶¶ 3, 6, 10-19. And TKT does not, as Plaintiff alleges, sell products or derive significant income from the sale of products in California. Decl. ¶ 19. These facts establish that TKT has not purposefully directed any activity at residents of California.

-8-

Moreover, TKT's passive website, which can be accessed by California residents, does not establish that TKT has purposefully directed activities at residents of California. *See, e.g.,* *McDonough*, 1996 WL 753991 at *3.

(ii) Plaintiff's Claims Do Not
"Arise Out Of Or Relate To"
<u>TKT's Activities In California</u>

For this Court to exercise specific jurisdiction, Plaintiff's claim must also "arise out of or relate to" TKT's forum-related activities. *Akro*, 45 F.3d at 1545 (citation omitted). None of Plaintiff's claims, however, arises out of TKT's activities in California.

The essence of each of Plaintiff's claims against TKT is that TKT prosecuted or obtained 20 patents and two patent applications to which Plaintiff believes he made an inventive contribution. Complaint ¶¶ 6-22. Yet, Plaintiff does not allege that any of these acts by TKT took place in California. They did not.

The 20 patents and two applications that are the subject of Plaintiff's complaint were the result of years of research and development work that took place in Massachusetts, not California. These patents (and applications) were prosecuted before the United States Patent & Trademark Office from 1987 until the present. During that time, TKT was neither a resident of California nor did it engage in any activities, including any of the complained of activities, in California. Decl. ¶¶ 6-18.

The 20 patents and two applications that are the subject of Plaintiff's complaint relate to technologies known as gene therapy and targeted gene activation. TKT did not, and does not, do any research or other work relating to these technologies in California. Decl. ¶¶ 6-9. Moreover, none of the named inventors of the 20 patents and two applications was engaged in activities related to these technologies in California. Decl. ¶¶ 6-9. Further, Plaintiff's own work at TKT (from 1990-1992) occurred in Massachusetts.

-9-

Aside from the incorrect assertion that TKT sells products and derives revenue from sales in California, the only TKT activity alleged by Plaintiff to have occurred in this state is the maintenance of a website. Complaint ¶ 2. The maintenance of the TKT website, however, is entirely unrelated to Plaintiff's claims. Thus, Plaintiff alleges no relevant activity at all by TKT in California and, as a result, there is no specific jurisdiction over TKT.

>            (iii)    This Court's Exercise Of Jurisdiction
>                     Over TKT Would Not Be Fair Or Reasonable

Exercising personal jurisdiction over TKT in California would be neither fair nor reasonable. TKT is based in Massachusetts and has no offices, business, facilities, real estate, bank accounts, personnel or other contacts in California.

The burden on TKT to litigate this action in California would be substantial. TKT's base of operations is in Massachusetts, not California. Decl. ¶¶ 4-6. All of TKT's witnesses and evidentiary support (such as the named inventors, inventor notebooks, and scientific reports) are located in Massachusetts. And Plaintiff claims no injury based on any TKT acts that allegedly took place in California. Accordingly, exercise of personal jurisdiction over TKT in this action would be neither fair nor reasonable.

In sum, Plaintiff cannot establish specific jurisdiction over TKT based on the allegations set forth in his complaint. TKT's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be granted.

>        2.    Plaintiff Also Cannot Establish Personal
>              Jurisdiction Under Ninth Circuit Law

>             a.    *General Jurisdiction*

Under Ninth Circuit law, the requirements for asserting general jurisdiction are very similar to the Federal Circuit requirements discussed above—"general personal jurisdiction enables a court to hear cases unrelated to the defendant's forum activities *if the defendant has*

-10-

*'substantial' or 'continuous and systematic contacts'* with the forum state." *Von Grabe v.*

*Sprint PCS*, 312 F. Supp. 2d 1285, 1293 (S.D. Cal. 2003) (citing *Fields v. Sedgwick Associated*

*Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986)) (emphasis added). Thus, the analysis for general

jurisdiction would be nearly identical under Ninth Circuit law as stated above for Federal

Circuit law.

As discussed in detail above, TKT does not have "substantial" or "continuous and

systematic contacts" with California. Accordingly, there is no general jurisdiction over TKT as

to any of Plaintiff's causes of action under Ninth Circuit law.

b.   *Specific Jurisdiction*

The Ninth Circuit also uses a three-part test to determine whether specific jurisdiction

comports with due process. To establish specific jurisdiction, Plaintiff must establish that:

(1)   TKT purposefully availed itself of doing business in California;

(2)   Plaintiff's claims arise out of or relate to TKT's activities in California; *and*

(3)   the exercise of jurisdiction over TKT would be reasonable.

*Id.*

(i)   TKT Has Not Purposefully Availed<br>Itself Of Doing Business In California

The "'purposeful availment' requirement ensures that a defendant will not be haled into

a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*,

471 U.S. at 475 (citation omitted). Instead, Plaintiff must establish that TKT has "purposefully

avail[ed] itself of the privilege of conducting activities" in California. *Burger King*, 471 U.S. at

475. TKT has not done so.

The only "activity" conducted by TKT in California relates to the accessibility of its

website. Decl. ¶¶ 3, 6, 10-18. TKT's passive website, which can be accessed by California

-11-

residents, however, does not establish that TKT has availed itself of the privilege of doing business in California. *See, e.g., McDonough*, 1996 WL 753991 at *3. Thus, Plaintiff cannot show that TKT has purposefully availed itself of this jurisdiction.

> (ii) Plaintiff's Non-Patent Related
> Claims Do Not Arise Out Of
> TKT's California Activities

For this court to exercise specific jurisdiction under Ninth Circuit law, Plaintiff's claim must "arise out of" TKT's forum-related activities. *Von Grabe*, 312 F. Supp. 2d at 1293 (citation omitted). The Ninth Circuit relies on a "but for" test for this prong of the specific jurisdiction requirement. The test is met if "*but for* the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). This "but for" standard cannot be met here.

Not one of Plaintiff's claims arises out of TKT's "contact" with California. As discussed above, the only contact between TKT and California is the maintenance of a worldwide website and this website is unrelated to any of Plaintiff's claims.

Plaintiff's claims against TKT allege that TKT prosecuted or obtained 20 patents and two patent applications to which Plaintiff believes he made an inventive contribution. Complaint ¶¶ 11-53. Yet, none of the acts or omissions by TKT is alleged to have taken place in California.

The 20 patents and two applications were the result of research and development work that took place in Massachusetts, not California. These patents (and applications) were prosecuted before the United States Patent & Trademark Office from 1987 until the present. During that period of time, TKT was neither a resident of California nor did it engage in any activities, including any of the complained of activities, in California.

-12-

The 20 patents and two applications that are the subject of Plaintiff's complaint relate to gene therapy and targeted gene activation technologies. TKT did not and does not do any work relating to these technologies in California. Decl. ¶¶ 6-9. Moreover, none of the named inventors of the 20 patents and two applications were engaged in activities related to these technologies in California. Decl. ¶¶ 6-9.

In sum, Plaintiff alleges no relevant activity at all by TKT in California. As a result, the "but for" requirement cannot be met – there can be no specific jurisdiction over TKT in California.

        (iii)    This Court's Exercise Of Jurisdiction
                        Over TKT Would Not Be Reasonable

The Ninth Circuit considers seven factors in determining whether the exercise of jurisdiction would be reasonable:

> (1) the extent of the defendant's purposeful injection into the forum state's affairs, (2) the burden on the defendant of defending in the forum, (3) the extent of conflict with the sovereignty of ·the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and efficient relief, and (7) the existence of· an alternative forum.

*U.S. Vestor, LLC v. Biodata Information Tech. AG*, 290 F. Supp. 2d 1057, 1066-67 (N.D. Cal. 2003); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Application of these factors to the instant case demonstrates that the exercise of jurisdiction in California over Plaintiff's claims would not be reasonable.

As discussed in detail, TKT did not "purposeful[ly] inject[]" itself in any way into California's affairs. *See supra* at 6-10. Thus, under the first factor, jurisdiction would not be reasonable.

-13-

The burden on TKT to litigate this action in California would be substantial. TKT's base of operations is in Massachusetts. Decl. ¶¶ 4-5. All of TKT's witnesses and evidentiary support (such as inventor notebooks, scientific reports, and other documentation) are located in Massachusetts, making California a burdensome and less efficient forum. *See Happy Merchant Ltd. v. Far East Shipping Co.*, No. C-94-3927, 1995 U.S. Dist. LEXIS 17446, at *13 (N.D. Cal. Nov. 8, 1995) ("[T]he most efficient forum is generally one where the witnesses and evidence are located and where the injury occurred."). Thus, under the second and fifth factors, jurisdiction would not be reasonable – it would be inefficient and burdensome for the Defendant and any potential third party witnesses.

Massachusetts has a greater interest than California in adjudicating this dispute. Each of the acts and omissions alleged in Plaintiff's complaint would have taken place within its jurisdiction. Thus, California's interest in adjudicating the dispute is minimal and Massachusetts is an appropriate, alternative forum. Accordingly, under the third, fourth, and seventh factors, the exercise of jurisdiction in California would not be reasonable.

Plaintiff's interest in convenient and efficient relief, although important, should not be given much weight because this action has no connection with this State. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (citing *Cain v. Bd. of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986) ("the Court notes that, while it respects [plaintiff's] right ... to file suit in a forum of his choosing, this choice is not entitled to the weight generally accorded such decision where there is lacking any material connection or significant contact between the forum and the events allegedly underlying the cause of action.")) (additional citations omitted). Thus, under the sixth factor, jurisdiction would not be reasonable.

In sum, Plaintiff cannot establish that: (1) TKT purposefully availed itself of doing business in California; (2) Plaintiff's claims arise out of or relate to TKT's California activities;

-14-

*and* (3) the exercise of jurisdiction over TKT would be reasonable. Thus, TKT's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be granted.

**B. Plaintiff's Claims Should Be Dismissed For Improper Venue**

Under 28 U.S.C. §1391, venue is only proper in a judicial district (1) where any defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found, if there is no district in which the action otherwise may be brought. *See* 28 U.S.C. §1391(b)(1)-(3).[6] Here, venue plainly is not proper on any of these grounds.

First, TKT does not "reside" in the Southern District of California.

> A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time the action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State....

28 U.S.C. §1391(c).

As discussed previously, TKT is not subject to personal jurisdiction in California. Similarly, TKT is not subject to personal jurisdiction in the Southern District of California.

Second, no part of the events or omissions giving rise to the claims occurred in this District. As discussed previously, the alleged activities giving rise to Plaintiff's claims would have taken place in Massachusetts, not the Southern District of California. *See supra* at 6-10, 12-13.

---

[6]  28 U.S.C. §1400(b) does not apply to the instant action because there has been no allegation of patent infringement.

Third, this action may appropriately be brought in the District of Massachusetts where TKT is subject to personal jurisdiction. Thus, there is a district in which the action otherwise may be brought.

In sum, the Southern District of California is not the proper venue for Plaintiff's claims and his complaint should either be dismissed or the matter should be transferred to a proper venue.

Under 28 U.S.C. §1406(a),

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Because Plaintiff's complaint was filed here, where venue is improper, it should be dismissed under Rule 12(b)(3), or, in the alternative, the case should be transferred to the most appropriate venue – the District of Massachusetts.

### C. Alternatively, This Action Should Be Transferred To The District Of Massachusetts On Grounds of *Forum Non Conveniens*

If this Court decides that this action should not be dismissed for lack of personal jurisdiction or improper venue, the action should be transferred under §1404(a). 28 U.S.C. §1404(a) provides in relevant part:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Regional circuit law governs the issue of whether a case should be transferred for convenience. *Injen*, 270 F. Supp. 2d at 1193-94.

"The purpose of §1404(a) 'is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense ...'" *Saleh*, 361 F. Supp. 2d at 1155 (citations omitted).

-16-

In the Ninth Circuit, the following factors are considered in determining whether the transfer of an action would facilitate justice and fairness:

 (1) the convenience of witnesses;

 (2) the convenience of the parties; and

 (3) the interests of justice.

*Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H, 2005 WL 2439197, at *1, (S.D. Cal. Sept. 28, 2005); *see also Saleh*, 361 F. Supp. 2d at 1156.

 Courts also consider the Plaintiff's choice of forum in deciding whether to transfer an action under Section 1404(a). *Saleh*, 361 F. Supp. 2d at 1156-57. Yet, here, little deference to Plaintiff's choice of the Southern District of California is warranted because the action has no connection with this District. *See Saleh*, 361 F. Supp. 2d at 1157 (citing *Cain*, 630 F. Supp. at 227 ("the Court notes that, while it respects [plaintiff's] right ... to file suit in a forum of his choosing, this choice is not entitled to the weight generally accorded such decision where there is lacking any material connection or significant contact between the forum and the events allegedly underlying the cause of action.")) (additional citations omitted).

### 1. The Convenience of the Parties and Witnesses

 The Court looks to whether the convenience of the parties and the witnesses warrants a transfer of the action. Here, it clearly does.

 The location of the pertinent documents and witnesses calls for a change of venue to the District of Massachusetts. "'The relative convenience to witnesses is often recognized as the most important factor to be considered in ruling on a motion under §1404(a).'" *Saleh*, 361 F. Supp. 2d at 1160 (citations omitted). "The court must consider not simply how many witnesses each side has and the location of each, but rather, the court must consider the importance of the

-17-

witness." *Id.* at 1160-61. Significantly, almost all of the "important" witnesses (three inventors on the patents and patent applications) and the Defendant itself are located in Massachusetts.[7]

Moreover, the pertinent evidence relevant to Plaintiff's claims (*e.g.*, laboratory notebooks, scientific reports, patent prosecution documents, and other relevant documents) is located in Massachusetts, not California. Thus, it would be significantly more convenient for the parties and witnesses in this action to litigate in the District of Massachusetts.[8]

## 2. The Interests of Justice

The Court must also consider whether "the interests of justice" favor a transfer of the action. In the instant case, they do.

Because this controversy is unrelated to the Southern District of California, there is no "local interest" in having the dispute decided here. *Saleh*, 361 F. Supp. 2d at 1156. Yet, there is "local interest" in the District of Massachusetts because all of the acts giving rise to Plaintiff's claims allegedly took place there. Moreover, to the extent Plaintiff's claims implicate his employment contract with TKT (which governs the assignment of inventions during his employment and six months thereafter), it contains a choice of law clause which specifies that Massachusetts law governs all aspects of, and issues arising from, Plaintiff's employment agreement. Decl. ¶ 21, Ex. 1 attached thereto.

---

[7] Two of the inventors are no longer employees of TKT, but still reside in Massachusetts. The interests and convenience of these non-party witnesses should also be considered in assessing transfer pursuant to *forum non conveniens*. *Id.*

[8] The only party or witness arguably inconvenienced by a transfer would be the Plaintiff himself. Yet, because the named Defendant, TKT, has no connection with California and none of the alleged acts giving rise to the Plaintiff's claims occurred in California, the Plaintiff's choice of the Southern District of California should be given little deference. *See Saleh*, 361 F. Supp. 2d at 1157 ("[N]umerous courts have given less deference to the Plaintiff's choice of forum where the action has little connection with the chosen forum."). All of the acts Plaintiff complains of allegedly took place in Massachusetts. Accordingly, Massachusetts is the most appropriate venue for those complaints.

-18-

Furthermore, other controversies involving TKT and relating to the targeted gene activation technology of the patents and patent applications that are the subject of Plaintiff's complaint have been adjudicated or are already pending in the District of Massachusetts. *See Amgen Inc. v. Hoescht Marion Roussel, Inc. and Transkaryotic Therapies, Inc.*, Civil Action No. 97-10814-WGY (D. Mass) reported at 339 F. Supp. 2d 202 (D. Mass. 2004), 287 F. Supp. 2d 126 (D. Mass. 2003) and 126 F. Supp. 2d 69 (D. Mass. 2001); and *Applied Research Systems ARS Holding, NV v. Cell Genesys, Inc.*, Civil Action No. 04-11810-MLW (D. Mass.) (pending action involving TKT's targeted gene activation technology). The District of Massachusetts' familiarity with actions relating to TKT's targeted gene activation technology warrants transfer. *See Jolly*, 2005 WL 2439197 at *2-3 ("The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor.").

Accordingly, the interests of justice favor the District of Massachusetts as the appropriate forum for the instant action.

IV. **CONCLUSION**

For the foregoing reasons, TKT respectfully requests that this Court grant its motion and dismiss it from this action for lack of personal jurisdiction and improper venue. In the alternative, TKT requests that this Court transfer this action pursuant to 28 U.S.C. §1404(a) to an appropriate forum, *i.e.*, the District of Massachusetts.

DATED: November 28, 2005                    KIRKLAND & ELLIS LLP,


                                            By:_____
                                                David S. Shukan

-19-