








```
JAH    5/1/06    12:04
3:05-CV-01737    PROCTOR V. TRANSKARYOTIC
*19*
*O.*
```

FILED

2006 APR 27  AM 8:45

SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL PROCTOR,<br><br>　　　　　Plaintiff,<br>v.<br>TRANSKARYOTIC THERAPIES, INC. and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Civil No: 05CV1737-B (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DISMISSING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATIVE MOTION TO TRANSFER VENUE [9-1]** |

　　　　Before the court is Defendant's Motion to Dismiss or Transfer. After careful consideration of the documents submitted by the parties the Court finds that it lacks personal jurisdiction over Defendant and therefore **GRANTS** Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). Since the Court lacks jurisdiction over this matter the Court dismisses Defendant's motion to dismiss for improper venue and alternative motion to transfer venue.

1

05CV1737-B (JMA)



ENTERED ON 5/1/06

## I. BACKGROUND

Plaintiff Dr. Neal Proctor ("Plaintiff") began his scientific career in the early 1980's and has worked at the University of Wisconsin, Northwestern University Medical School, the Salk Institute, and Baylor College of Medicine. See Complaint, p. 2-3. In 1990 he left his position at Baylor College of Medicine and began working for Transkaryotic Therapies, Inc. ("Defendant") in Massachusetts. While working for Defendant, Plaintiff conducted research involving microinjection of DNA into mammalian cells with the goal of developing human gene therapy treatments. Id. at p. 3, ll. 3-9. Plaintiff alleges that Defendant has obtained twenty patents and applied for two more which claim inventions he disclosed to Defendant when he began working there in 1990. Plaintiff further alleges that Defendant obtained the patents at issue without his consent or knowledge and without listing him as an inventor. Plaintiff seeks to be named as an inventor on the twenty patents and two applications and to recover damages under theories of civil rights violations, intentional and negligent interference with prospective economic advantage, conversion, and misappropriation. There are no allegations of patent infringement.

## II. LEGAL STANDARD

The Federal Circuit has held that, where an issue is intimately related to substantive patent law, Federal Circuit law rather than the law of the regional circuit governs. See Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Whether a court may exercise personal jurisdiction over a defendant is such a situation. Id. Federal Circuit law regarding the proper exercise of personal jurisdiction also applies to any related claims over which the court exercises supplemental jurisdiction under 28 U.S.C. § 1367. 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998).

Plaintiff alleges an infringement of his rights as an inventor and seeks correction of inventorship under 35 U.S.C. §§ 116 and 256 . This Court has subject matter jurisdiction over the inventorship claims under 28 U.S.C. § 1331. The Court can exercise supplemental jurisdiction over Plaintiff's additional claims under 28 U.S.C. § 1367(a) since they allege

injuries which flow directly from the alleged infringement of his rights as an inventor. Since the claims in this matter relate directly to substantive patent law the Federal Circuit's standard for evaluating personal jurisdiction governs. 3D Sys., 160 F.3d at 1377.

The Federal Circuit has held that a court must ask two questions when determining if personal jurisdiction over a defendant exists: 1) does the forum state's long-arm statute permit service of process; and 2) would the assertion of jurisdiction be inconsistent with due process. Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003); 3D Systems, 160 F.3d at 1376-77. California's long-arm statute allows a court to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. P. § 410.10. The Federal Circuit has held that California's long-arm statute allows an exercise of jurisdiction to the full extent permitted by due process. See 3D Systems, 160 F.3d at 1377. Therefore, in this case, the analysis collapses into a question of what due process requires.

Due process is satisfied where a plaintiff shows sufficient minimum contacts between the defendant and the forum such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945). If a defendant would not reasonably anticipate being called into court in a given forum, an exercise of personal jurisdiction violates due process. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (citing World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).

Plaintiff does not allege that Defendant is subject to general jurisdiction in this forum, therefore the court need only determine if specific jurisdiction exists. The Federal Circuit has adopted a three prong conjunctive analysis for evaluating specific jurisdiction which looks at whether:

1) The defendant purposefully directed its activities at residents of the forum;
2) The claim arises out of or relates to those activities; and
3) Assertion of personal jurisdiction is reasonable and fair;

3D Systems, 160 F.3d at 1378; Akro Corp. v. Luker, 45 F.3d at 1545 (citing Burger King

Corp, 471 U.S. at 471-76).

The first prong focuses on the defendant's actions and is not affected by unilateral acts of the plaintiff. See World-Wide Volkswagen, 444 U.S. The Supreme Court has consistently held that "[d]efendants who reach out beyond one state and create continuing relationships and obligations with the citizens of another state are subject to regulation and sanctions in the other State for consequences for their actions." Burger King, 471 U.S. at 473 (citing Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950)). The "arising out of" prong is closely related to the "purposeful direction" prong and focuses on the relationship between the acts supporting plaintiff's claim and defendant's contacts with the forum. See e.g. 3D Systems, 160 F.3d at 1378-79 (finding that an infringement claim at least in part arose out of letters purposefully directed at the forum state which contained offers to sell infringing products). The reasonableness prong exists to protect defendants from unfairly inconvenient litigation. World-Wide Volkswagen, 444 U.S. at 292.

When a defendant objects to personal jurisdiction and moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) the plaintiff has the burden of making a *prima facie* showing that the court may properly exercise personal jurisdiction. See Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

### III. DISCUSSION

#### A. Personal Jurisdiction

As discussed below, an analysis of the three prong test set out by the Federal Circuit reveals a lack of personal jurisdiction.

##### 1. Activities Directed To The Forum

There is no dispute that Defendant has no direct contacts with California: it is not incorporated in California, its principal place of business is in Massachusetts, it is not registered to conduct business in California, has no employees here, has no facilities here, and does not have any bank accounts or other property here. See Defendant's Memorandum of Points and Authorities ("MPA"), p. 6, l. 21-p. 7, l. 7; see also Shahinian

Dec'l (discussing the absence of ties between Defendant and California). Apparently, Defendant's only contact with California is publication of a website that is accessible to anyone with internet access. See Plaintiff's Opposition, p. 1, l. 28-p. 2, l. 6.

When determining whether a website is a sufficient contact to support an assertion of personal jurisdiction courts typically look at the kind of activities viewers can conduct through the site. The Zippo court set out a sliding scale, often cited by other courts, to describe these sorts of interactions. Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Penn. 1997). If forum residents can conduct business, such as purchasing products, on a website then it will typically represent a sufficient contact to satisfy the first prong of the specific jurisdiction analysis. Id. However, a purely passive website which provides information with little or no interactivity will seldom support an exercise of jurisdiction. Id.; see also Snowney v. Harrah's Entertainment, Inc., 35 Cal. 4th 1054, 1063-65 (2005) (noting that a purely passive website as described in Zippo which was not targeted at California residents would likely not support jurisdiction); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997) (citing the Zippo framework approvingly and holding that a passive website containing advertising information was an insufficient contact with the forum to support personal jurisdiction); 3D Systems, 160 F.3d at 1380 (citing Cybersell approvingly and holding that maintaining a website where California users could contact a third party through e-mail was not evidence of activities specifically directed at the forum state by defendant).

Defendant describes the website at issue as purely passive in character; it simply provides information about the company and some of the products under development. Defendant asserts that they have derived no income from Californians nor tailored any information on their website specifically for Californians. See Defendant's MPA, p. 7. Under Federal Circuit precedent a passive website which simply provides information is insufficient to show that the defendant directed activities at the forum. See 3D Systems, 160 F.3d at 1380.

Once the defendant has challenged a plaintiff's allegations regarding jurisdiction plaintiff bears the burden of making a *prima facie* showing that a forum has jurisdiction. Here, Plaintiff has failed to make such a showing. Plaintiff makes general allegations that Defendant sold products in California and "marketed products" through the website. See Plaintiff's Opposition, p. 4, ll. 9-28. However, Plaintiff has not presented evidence of even a single sale of Defendant's products in California[1] or shown how Defendant specifically directed the alleged marketing information to California. Under Federal Circuit precedent the mere maintenance of a passive website, even one which includes product advertising, does not grant a forum jurisdiction, unless the marketing is specifically directed at the forum. See 3D Systems, 160 F.3d at 1380.

Plaintiff's argument that contacts Shire Pharmaceuticals, Defendant's parent company, might have with California are relevant is unavailing. See Fields v. Sedgwick Assoc. Risks, Ltd., 769 F.2d 299, 302 (9th Cir.1986) (noting that a parent corporation's contacts with a forum do not create personal jurisdiction over a subsidiary); c.f. Stucki Co. v. Worthington Indus., Inc., 849 F.2d 593, 596 (Fed. Cir. 1988) (holding that a parent and subsidiary are separate legal entities for purposes of determining liability for patent infringement) and Rush v. Savchuk, 444 U.S. 320, 331-32 (1980) (holding that contacts of an insurance company and its customer could not be aggregated to grant the state court jurisdiction over both and that the International Shoe requirements regarding minimum contacts must be met for each defendant). Plaintiff's analysis shows that Shire is a large multinational pharmaceutical company that would possibly be subject to specific jurisdiction in this forum based on its drug sales. However, Plaintiff has not shown that any of Shire's sales or contacts with California can be attributed to the conduct of Defendant. Absent some showing that at least one of the Shire contacts results from

---

[1] Defendant is apparently not licensed to sell pharmaceuticals in the United States. See Defendant's Reply Brief, p. 4, ll. 23-25; see also Plaintiff's Opposition, Exh. 4 (listing five Transkaryotic products which are under FDA review, but have not yet been approved for sale).

Defendant's activities, the analysis of Shire's activities is unavailing.

Plaintiff has failed to satisfy the requirements of the first prong of the Federal Circuit's personal jurisdiction test since he has not shown that Defendant purposefully directed any activities towards California. Since the test is conjunctive, the Court need not address the second and third prongs. However, in the interests of completeness, they are briefly discussed below.

### 2. "Arising out of or related to"

The second prong of the Federal Circuit's personal jurisdiction analysis asks whether the conduct giving rise to the claim arises out of or relates to the contacts between the defendant and the forum. 3D Systems, 160 F.3d at 1378-79. Here, the allegedly bad conduct was Defendant's failure to list Plaintiff as an inventor on twenty patents and two pending applications. However, the only alleged contact between Defendant and this forum is its website. Even assuming that the website is evidence that Defendant purposefully directed its activities at this forum, there is no nexus between those activities and the alleged bad conduct. At the time Defendant allegedly misappropriated Plaintiff's inventions he was employed by them in Massachusetts. Furthermore, the patents were prosecuted by Defendant while in Massachusetts. Plaintiff has presented no evidence that any conduct related to the acquisition of the patents touched California or implicated Defendant's website in any way. Therefore Plaintiff has failed to show that the claims arise out of or relate to Defendant's alleged contacts with this forum.

### 3. Reasonableness

The reasonableness inquiry looks at the burden on the defendant of defending in a foreign forum. World-Wide Volkswagen, 444 U.S. at 292. Defendant argues that it has no ties with California, that its principal place of business is in Massachusetts, all of the relevant witnesses are in Massachusetts, and that none of the relevant conduct took place in California. Defendant's MPA, p. 10, ll. 8-21. Plaintiff responds by arguing that a national pharmaceutical company should be prepared to defend in any forum where one of its

customers might be injured. See Plaintiff's Opposition, p. 7, l. 21-p. 8, l. 1. While it would likely be appropriate to subject a pharmaceutical company to jurisdiction in any forum where a customer might be injured, Plaintiff is not alleging that he was injured as a result of buying a product from Defendant. Plaintiff alleges that he was injured as a result of misconduct by Defendant in obtaining certain patents. None of that conduct took place in this forum, and none of the evidence related to that conduct is present in this forum. As such, Defendant would have no reason to expect to be compelled to defend this matter in a California court. It would be unreasonable for this Court to assert personal jurisdiction over Defendant.

Plaintiff has failed to make the requisite *prima facie* showing that this Court has personal jurisdiction over Defendant. Plaintiff has not shown that Defendant has purposely directed any of its activities at this forum. Furthermore, even if Defendant's website were directed at this forum, Plaintiff has failed to demonstrate a sufficient connection between the website and the alleged misconduct. Finally, it would be unreasonable for this Court to compel Defendant to defend in this forum. For these reasons Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**.

### B. Venue

Defendant also argues that this matter should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3) or in the alternative should be transferred under 28 U.S.C. § 1404(a). Since the Court lacks personal jurisdiction over Defendant it would be inappropriate to reach the merits of these motions. See HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1306-7 (Fed. Cir. 1999) (holding that a district court may not transfer a case to another forum if lacks personal jurisdiction over the defendant). Therefore, the Court **DISMISSES** these motions.

### IV. CONCLUSION

For the reasons discussed above the Court finds that Plaintiff has failed to make the required showing that Defendant is subject to personal jurisdiction in this forum.

Therefore, Defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is **GRANTED**. Since the Court lacks jurisdiction over Defendant, Defendant's remaining motion to dismiss for improper venue and alternative motion to transfer are **DISMISSED**. In light of this order the hearing set for **May 1, 2006** at **10:30 a.m.** is **VACATED**.

**IT IS SO ORDERED**

Dated: 4-26-06

HON. RUDI M. BREWSTER
United States Senior District Judge

cc: Hon. Jan M. Adler
United States Magistrate Judge

All Counsel of Record